WILLIAM R. PHILLIPS, plaintiff in error, *vs.* WILLIAM SOLOMON, defendant in error.

(This cause is reported *ante* page 192. This concurring opinion below was left out by oversight. REPORTER.)

WARNER, J., concurring.

This was an action brought by the plaintiff against the defendants on a promissory note, dated 22d May, 1866, payable to the plaintiff six months after date. Solomon, one of the defendants, pleaded that he signed the note as surety, that Morrison, the principal debtor, had been discharged as a bankrupt from the payment of the debt under the provisions

of the Bankrupt Law of Congress, passed the 2d March, 1867. The plaintiff demurred to the defendant's plea, which was overruled by the Court, and the plaintiff excepted.

The sole question for our decision and judgment in this case is, whether the discharge of the principal debtor, under the provisions of the Bankrupt Law of Congress, also discharges the surety to the note. By the 8th section of the I. Article of the Constitution of the United States, Congress has the power to establish *uniform laws* on the subject of bankruptures *throughout the United States.* The XI. Article of the Constitution of 1868, of this State, declares as *the supreme law,* the Constitution of the United States, and *the laws of the United States,* in pursuance thereof. The 33d section of the Bankrupt Law of the United States, declares that no discharge granted to the bankrupt under that law, "shall release, discharge, or affect any person liable for the same debt, for or with the bankrupt, either as partner, joint contractor, endorser, *surety,* or otherwise." Morrison, the principal debtor, has been discharged from the payment of the debt under the provisions of this Bankrupt Law, which, under the Constitution, is to have a *uniform* operation throughout the United States; and Solomon, the surety, claims to be discharged from the payment of that debt because the principal debtor has been discharged, notwithstanding that same Bankrupt Law which discharged the principal debtor expressly declares that no discharge granted to the principal debtor shall release, discharge, or affect any person liable for the same debt, for or with the principal bankrupt debtor, either as partner, joint contractor, indorser, *surety,* or otherwise. But it is said the 2121st section of the Code of this State declares, that "the obligation of the surety is accessory to that of his principal, and if the latter, from *any cause,* becomes extinct, the former ceases, of course, even though it be in judgment;" and that the parties contracted in view of this local law of the State. This general declaration of the Code does nothing more than to announce the

general law applicable to principal and surety, and does not include that class of cases where the principal debtor is discharged by *operation of law;* the more especially when that law which discharges the principal debtor expressly declares that it shall not operate to discharge the surety.    But if the State law had expressly declared that the discharge of the principal debtor in bankruptcy should have the effect to discharge the surety, the State law upon that subject, being in conflict with the general Bankrupt Law of the United States, the former must yield to the latter as the paramount law of the land, it being a law in pursuance of the Constitution of the United States, to establish a *uniform* law of bankruptcy throughout the same, and it cannot operate *uniformly* throughout the United States if the surety of the principal bankrupt debtor can be released and discharged in Georgia, and held liable for the debt in New York, or in any other of the United States.    In the case of *King vs. The Central Bank,* 6 Georgia Reports, 257, this Court held, that it was not a valid defense for an indorser, that the maker of the note had been discharged under the provisions of the Bankrupt Law of 1842.